UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Antonio Tafurt, <br><br> Plaintiff, <br><br> v. <br><br> Recovery Racing, LLC d/b/a Ferrari-Maserati of Fort Lauderdale, <br><br> Defendant. | CASE NO. <br><br> CLASS ACTION COMPLAINT <br><br> <u>JURY TRIAL DEMANDED</u> |

**Demand for Arbitration**

Plaintiff Antonio Tafurt ("Plaintiff"), through his attorneys Pardell, Kruzyk & Giribaldo, PLLC, alleges as follows:

**Nature of this Action**

1. Plaintiff brings this action against Recovery Racing, LLC d/b/a Ferrari-Maserati of Fort Lauderdale ("Defendant") under the Consumer Leasing Act, 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq*. ("Regulation M") (collectively the "CLA").

2. Specifically, Plaintiff alleges that Defendant provided false lease disclosures pursuant to an automobile lease because Defendant failed to disclose that Plaintiff would be charged additional fees on a lease purchase option.

3. Plaintiff additionally alleges that Defendant failed to disclose the purchase-option price as a sum certain or as a sum certain to be determined at a future date by reference to a readily available independent source.

4. In fact, the National Automobile Dealers Association ("NADA") cautions dealerships against this very conduct:

1

If a documentary fee will be added to the lease purchase option price in a dealer-lessee purchase transaction, these Reg M requirements can be interpreted to compel disclosure in the original lease of the amount of the documentary fee as a kind of "purchase option" fee. For a scheduled end option, the lease must state a sum certain for the lease purchase option price. If there is a purchase option fee, Reg M permits a lessor to disclose it separately. And while it permits the lessor to disclose that official fees are not included in the lease purchase option price, Reg M does not give similar permission to disclose that the purchase option price does not include other fees and charges, such as a documentary fee. Taken together, this suggests that a lessor should either disclose the amount of the documentary fee as a purchase option fee or a part of the fixed lease purchase option price.

For an early termination option, a lessor must disclose the purchase option price as a sum certain or as a sum certain to be determined at a future date by reference to a readily available independent source. In most leases, the lease purchase option price is disclosed as a formula that incorporates elements of the early termination charge that are used to determine how much to add to the fixed purchase price provided for in the scheduled end option. Again, Reg M permits the lessor to contract for the early termination option price and a separate purchase option fee and to disclose that official fees are not included in the disclosed lease purchase option price. But as with the scheduled end option, it does not give similar permission to disclose that the purchase option price does not include other fees and charges, such as a documentary fee. Therefore, the choices for providing for a documentary fee as part of the lease option price in the early termination option are essentially the same as those discussed above for the scheduled end option.

If a lease does not disclose the documentary fee as a purchase option fee, charging a documentary fee in addition to the lease purchase option price risks a claim that the initial disclosure of the lease option price was not accurate and thus violated Reg M. It also risks a claim that the lease holder breached the original lease agreement by charging more than the agreed to lease option price.[1]

5.  The CLA commentary further states, in relevant part:

4. *Official fees and taxes.* Official fees such as those for taxes, licenses, and registration charged in connection with the exercise of a purchase option may be disclosed under §213.4(i) as part of the purchase-option price (with or without a reference to their inclusion in that price) or may be separately disclosed and itemized by category. Alternatively, a lessor may provide a statement indicating that the purchase-option price does not include fees for tags, taxes, and registration.

5. *Purchase-option price. Lessors must disclose the purchase-option price as a sum certain or as a sum certain to be determined at a future date by reference to a*

---

[1] https://www.gcada.net/2022/06/21/excerpt-from-nadas-a-dealer-guide-to-federal-consumer-leasing-act-requirements/ (last visited April 10, 2023).

> *readily available independent source.* The reference should provide sufficient information so that the lessee will be able to determine the actual price when the option becomes available. Statements of a purchase price as the "negotiated price" or the "fair market value" do not comply with the requirements of §213.4(i).

12 C.F.R. § 213 Supplement I to Part 213(4)(i) (emphasis added).

6. Upon information and belief, Defendant routinely provides false or inadequate disclosures and subsequently attempts to impose unauthorized additional fees on purchase options for all of its consumer automotive leases.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Aventura, Florida.

8. Plaintiff leased personal property—an automobile—pursuant to a lease agreement, and therefore is a "lessee" as defined by 15 U.S.C. § 1667(2).

9. Defendant is a New York company with its principal place of business located in Fort Lauderdale, Florida.

10. Defendant owns and operates the Ferrari-Maserati of Fort Lauderdale dealership located in Fort Lauderdale, Florida.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction under 15 U.S.C. § 1667d(c), and 28 U.S.C. § 1331.

12. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), as Plaintiff resides in this district and a substantial part of the transactions giving rise to this action occurred in this district.

13. In particular, Plaintiff resides in this district, and Defendant transacted with Plaintiff in this district.

## Factual Allegations

14. On or about December 19, 2019, Plaintiff entered into a lease agreement with Defendant for a 2019 Alfa Romeo Giulia (the "Lease Agreement"). *See generally id*.

15. Defendant is identified as the "lessor" on the Lease Agreement. *Id.* at 1.

16. Plaintiff entered into the Lease Agreement at Defendant's dealership, after consulting with and transacting with Defendant's employees.

17. The Lease Agreement disclosed the following terms regarding the "purchase option" for Plaintiff's lease:

> **9. Purchase Option at End of Lease Term.**
> You have an option to buy the vehicle at the end of the lease term for $22,473.00, plus official fees and taxes.
>
> . . .
>
> **32. Option to Buy the Vehicle.**
> You have an option to buy the vehicle. The price to buy the vehicle on or after the start of the last monthly period is disclosed in Section 9. The purchase option price disclosed in Section 9 is the price for which we would sell the vehicle to you after the start of the last monthly period.
>
> If this is a monthly payment lease, the price to buy the vehicle before the start of the last monthly period is: (1) the price to buy the vehicle disclosed in Section 9, plus (2) the base monthly payment times the number of payments not yet due, minus (3) any unearned rent charge figured by the Actuarial Method (see Section 42) based on the number of full monthly periods between early end and scheduled end.
>
> If this is a single payment lease, the price to buy the vehicle before the start of the last monthly period is: (1) the price to buy the vehicle disclosed in Section 9, plus (2) the Remaining Prepaid Depreciation (Section 37(b)). If this is a single payment lease and you buy the vehicle before the start of the last monthly period, we will give you a credit for (1) the Remaining Prepaid Depreciation (Section 37(b)), plus (2) any unearned rent charge figured by the Actuarial Method (see Section 42) based on the number of full monthly periods between early end and scheduled end.
>
> Regardless of when you buy the vehicle, you must also pay any related official fees and taxes, plus any amounts due because you broke agreements in this lease.

*Id.*

18. Defendant did not disclose any other fees that would relate or apply to the execution of a lease purchase option in the Lease Agreement.

19. Plaintiff reasonably relied on these terms, including the lease purchase option terms, when agreeing to enter into the Lease Agreement with Defendant.

20. In March 2023, Plaintiff sought to execute the purchase option pursuant to the Lease Agreement.

21. When Plaintiff received the quote for exercising the purchase option, the total amount quoted was $25,948.37, due to a handful of additional fees. *See* Exhibit B (Purchase Option Quote).

22. Specifically, Defendant stated that Plaintiff would be required to pay a "predelivery service charge" of $1395.00, a "electronic registration filing fee" of $289.95, and a $1.50 "battery fee/tire fee." *Id*.

23. The "predelivery service charge" and "electronic registration filing fee" were specifically noted as "costs and profits to the Dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale or lease." *Id.*

24. Plaintiff did not know that Defendant intended to add additional fees to effectuate a lease purchase option, and that information would have been material to his decision to enter into the Lease Agreement.

25. Plaintiff challenged Defendant regarding the propriety of these fees given the clear language of the lease, but Defendant claimed that the fees and contractual language are "required" and could not be waived.

26. As a result of Defendant's misrepresentations and imposition of additional unauthorized fees on the Lease Agreement, Plaintiff suffered damages because Plaintiff paid more

to exercise his lease purchase option than he had initially contracted to pay.

27. Specifically, as a result of Defendant's conduct, Plaintiff sustained actual damages by paying additional amounts unlawfully included in the vehicle purchase agreement, in the amount of at least $1,787.64.

**Class Allegations**

28. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons within the United States who (1) entered into a vehicle lease agreement with Recovery Racing, LLC d/b/a Ferrari-Maserati of Fort Lauderdale that contained a purchase option at the end of the lease term; (2) leased a vehicle primarily for personal, family, or household purposes; (3) purchased, or attempted to purchase, their leased vehicle pursuant to the purchase option stated in their lease; (4) were quoted or charged by Recovery Racing, LLC d/b/a Ferrari-Maserati of Fort Lauderdale a price to exercise their purchase option that was in excess of the pricing disclosed in the lease agreement; and (5) received such a quote or paid such a charge at any time between one year prior to the date of the filing of this complaint through the date of class certification.

29. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

31. The exact number of the members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

32. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

33. In addition, the members of the Class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records

maintained by Defendant, and by third parties.

34. Plaintiff's claims are typical of the claims of the members of the Class.

35. As it did for all members of the Class, Defendant (1) entered into a vehicle lease agreement with Plaintiff that contained a purchase option at the end of the lease term; and (2) charged a higher price for the purchase of the vehicle at the end of the lease than the price disclosed in the Lease Agreement.

36. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

37. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

38. Plaintiff suffered the same injuries as the members of the Class.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class.

40. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

41. Plaintiff will vigorously pursue the claims of the members of the Class.

42. Plaintiff has retained counsel experienced and competent in class action litigation.

43. Plaintiff's counsel will vigorously pursue this matter.

44. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

45. The questions of law and fact common to the members of the Class predominate over questions that may affect individual class members.

46. Issues of law and fact common to all class members are:

    a.    Defendant's conduct, pattern, and practice as it pertains to charging additional fees to consumers exercising the purchase option in their lease that were not previously disclosed in their lease;

    b.    Whether Defendant properly disclosed at the time of the lease the additional fees it intended to charge, and subsequently charged, consumers who sought to purchase their vehicles at lease-end;

    c.    Whether Defendant's standard lease violates the CLA and Regulation M by failing to properly disclosure the purchase price of the vehicle at the end of the lease;

    d.    Defendant's violations of the VCPA;

    e.    Whether Defendant's conduct was willful;

    f.    Defendant's violations of the CLA and Regulation M; and

    g.    The availability of statutory penalties, actual damages, attorneys' fees, and treble damages.

47.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48.    If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

49.    The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

50. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

52. The damages suffered by the individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

53. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

54. There will be no extraordinary difficulty in the management of this action as a class action.

55. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of the Consumer Leasing Act
### 15 U.S.C. § 1667a

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57. The CLA and Regulation M require Defendant to indicate "whether or not the lessee has the option to purchase the leased property and at what price and time." 15 U.S.C. § 1667a.

58. Plaintiff and the Class members are natural persons who leased vehicles primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

59. Plaintiff's lease was for a period of time exceeding four months, and for a total contractual obligation not exceeding $50,000. 15 U.S.C. § 1667(1).

60. Defendant was required to comply with the CLA's disclosure requirements because it was a "lessor" as defined by 15 U.S.C § 1667(3) of the CLA, because Defendant regularly engages "in leasing, offering to lease, or arranging to lease under a consumer lease."

61. Moreover, Defendant is listed as the lessor on the Lease Agreement.

62. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

63. Defendant was the primary entity responsible for arranging the lease transaction with Plaintiff, as well as all the respective consumer leases issued by Defendant to the Class members.

64. The Lease Agreement signed by Plaintiff, as well as all the respective consumer leases issued by Defendant to the Class members, are governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.

65. Defendant violated 15 U.S.C. § 1667 and 12 C.F.R. § 1013.4(i) by not disclosing the "predelivery service charge" of $1395.00, a "electronic registration filing fee" of $289.95, and the $1.50 "battery fee/tire fee" in the purchase option price of the Lease Agreement.

66. Defendant violated 12 C.F.R. § 1013.3(a) because the purchase option price in the Lease Agreement—and all other consumer leases issued by Defendant to the Class members—was unclear, inaccurate, and incomplete.

67. Defendant also violated 15 U.S.C. § 1667 and 12 C.F.R. § 1013.4(i) because it failed to disclose the purchase option price in the Lease Agreement, and all other consumer leases issued by Defendant to the Class members, as a sum certain, or as a sum certain to be determined at a future date by reference to a readily available independent source, because it included subjectively determined fees that were not objectively ascertainable by Plaintiff or the Class members at the time that they entered into the Lease Agreement and their respective consumer leases with Defendant.

68. These omissions were material to Plaintiff's and the Class members' decisions to enter into their respective lease agreements, and Plaintiff and the Class members detrimentally relied on these material omissions.

69. As a result of these material omissions, Plaintiff paid $1,787.64 more in fees to exercise his lease purchase than he had contracted to pay in the Lease Agreement.

70. If Defendant provided an accurate, complete, and clear purchase option price in the Lease Agreement as required by the CLA, Plaintiff would have negotiated better terms or declined to lease his vehicle.

71. Pursuant to 15 U.S.C. § 1640, Plaintiff and the Consumer Leasing Act Class members seek damages from Defendant for violations of the CLA, and reasonable attorney's fees and costs.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the Classes under Federal Rule of Civil Procedure 23;

  c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

  d. Awarding Plaintiff and the Consumer Leasing Act Class damages pursuant to 15 U.S.C. § 1640;

  e. Awarding Plaintiff and the Consumer Leasing Act Class reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. § 1640;

  f. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

  g. Awarding such other and further relief as the Court may deem just and proper.

Date: April 25, 2023

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

Logan A. Pardell
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
443 Plaza Real, Suite 275
Boca Raton, FL 33432
Tele: (561) 726-8444
lpardell@pkglegal.com

*Counsel for Plaintiff and the proposed class*